UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| ROBERT BROWN, *Pro Se*, | ) | Case Nos.: | 1:07 CV 258 |
| | ) | | 1:05 CR 245 |
| Petitioner | ) | | |
| | ) | | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent | ) | | |
| | ) | <u>ORDER</u> | |

This case is before the court on Petitioner Robert Brown's ("Petitioner" or "Brown") *Pro Se*

Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. ("Petition" or

"Motion") (ECF No. 1.)  For the reasons stated below, the court finds that Petitioner's claim of

ineffective assistance of counsel for failure to file an appeal is not well-taken and, together with the

court's rulings in its prior Order of May 23, 2007 (*see* Order, 1:05-CR-245, ECF No. 221), the court

hereby denies Petitioner's § 2255 Motion.

### I. FACTS AND PROCEDURAL HISTORY[1]

On October 14, 2005, Brown pled guilty to four counts of conspiracy to interfere with

commerce by threats or violence.  (Plea Agreement, ECF No. 4-2.)  For each count to which Brown

pled guilty, the Plea Agreement stated that "the conspirators planned to have a conspirator brandish

---

[1]  A more thorough recounting of the facts is provided in the court's Order of May
23, 2007.  (Order, 1:05-CR-245, ECF No. 221, at 1-10.)

a firearm" and that other co-defendants "brandished a firearm" in furtherance of the crimes.  (*Id.* at 4, 6, 9, 10, 13, 15, 18.)  At the Change of Plea Hearing, Magistrate Judge McHargh explained to Brown that, under the law of conspiracy, he could be held accountable for other co-conspirators' use of a firearm even though Brown did not know that a gun would be used.  (Change of Plea Hr'g Tr. 30-33, ECF No. 4-2.)  At the Sentencing Hearing on January 11, 2006, the court explained to Brown that his sentence was being enhanced because a firearm was brandished during the crime due to the actions of other co-conspirators.  (Minutes of Sentencing Hr'g, 1:05-CR-245 at 6, ECF No. 165.) Judgment was entered against Brown on January 24, 2006.  (1:05-CR-245, ECF No. 171.)  Brown self-surrendered to United States Marshals on February 28, 2006.  (*See* 1:05-CR-245, ECF No. 189.)

On January 30, 2007, Brown filed the instant § 2255 Petition, *pro se*, alleging prosecutorial misconduct and ineffective assistance of counsel for failure to file a timely appeal.  (ECF No. 1.) Brown based both these claims on his contention that the word "gun" should not appear in his Plea Agreement or his Presentence Investigation Report ("PSR").  On May 23, 2007, the court issued an Order denying Petitioner's Motion with regard to his prosecutorial misconduct claim and granting an evidentiary hearing with respect to his ineffective assistance of counsel claim to determine whether Petitioner timely requested that his trial counsel file an appeal.  (Order, 1:05-CR-245, ECF No. 221.)

On June 18, 2007, at 2:00 p.m., the court held an evidentiary hearing in the within case. (Tr., ECF No. 232.)   Assistant United States Attorney ("AUSA") Arturo G. Hernandez ("Hernandez") was present and Petitioner appeared, *pro se*, by video conference.  Petitioner and his trial counsel, John B. Gibbons ("Gibbons"), testified.  On July 11, 2007, the court issued an Order

stating that "pursuant to 18 U.S.C. § 3006A and Rule 8(c) of the Rules Governing Section 2255

Proceedings, when a *pro se* litigant is entitled to an evidentiary hearing and cannot afford counsel,

counsel must be provided."   (Order, 1:05-CR-245, ECF No. 229.)   Consequently, the court

appointed James Ingalls ("Ingalls") to represent Petitioner and rescheduled the evidentiary hearing.

(*Id.*)  On August 30, 2007, the court held the rescheduled evidentiary hearing.  (8/30/07 [non-

document]).  Ingalls, Hernandez,  AUSA Gary Arbeznik ("Arbeznik"), and Gibbons were present,

and Petitioner appeared by video conference.  Petitioner and Gibbons testified.

At the evidentiary hearings, Petitioner testified that he contacted Gibbons soon after he was

sentenced on January 11, 2006, and definitely before he self-surrendered on February 28, 2006.

Petitioner also testified that he contacted chambers himself several times to indicate his desire to

appeal, and that a member of chambers' staff informed him that he needed to have his counsel file

an appeal.  Gibbons testified that he did not discuss an appeal with Brown after he was sentenced.

Instead, he stated that Brown did not notify him that he wanted to appeal until sometime after he

self-surrendered.

## II. STANDARD OF LAW

A criminal defendant must file a notice of appeal within ten days from the later of: "(i) the

entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice

of appeal." Fed. R. App. P. 4(b)(1)(A).  A district court may extend the deadline to file a notice of

appeal up to thirty days "[u]pon a finding of excusable neglect or good cause."  *Id.* at 4(b)(4).

Under the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668, 686-87

(1984), a petitioner alleging ineffective assistance of counsel must demonstrate: (1) that the

counsel's performance was deficient; and (2) that the deficient performance prejudiced the

defendant.  Where a petitioner alleges that his counsel was ineffective for failing to file a timely notice of appeal, the court undertakes a two-part inquiry.  First, the court asks whether counsel consulted with his client about an appeal.  *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).  If the counsel did so consult, then counsel is deficient "only by failing to follow the defendant's express instructions with respect to an appeal."  *Id.*  If the counsel did not consult with his client, then the court must ask whether such a failure itself constitutes deficient performance.  *Id.*  In *Roe*, the Supreme Court held that:

> counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480.  Then, under *Strickland*, the petitioner must show that he was prejudiced by counsel's failure to timely appeal on the ground that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  *Id.* at 484.

### III. LAW AND ANALYSIS

In the instant case, a notice of appeal would be timely under the ten-day rule if it had been filed by February 3, 2006.  Alternatively, a notice of appeal would be timely under the thirty-day extension for excusable neglect or good cause rule if it had been filed by February 23, 2006.  According to Gibbons' testimony, Brown's request was untimely under either deadline.  However, according to Brown's testimony, it is possible that Brown informed counsel before the thirty-day deadline, and perhaps before the ten-day deadline, that he wished to file an appeal.

### A.  Whether Counsel Consulted with Petitioner Regarding an Appeal

-4-

Under *Roe*, the court's first inquiry is whether Gibbons consulted with Brown about an appeal. As stated above, Gibbons testified that he did not speak with Brown about an appeal until sometime after February 28, 2006, which would mean that he did not "consult" Brown for purposes of this analysis. On the other hand, Brown asserts that he informed Gibbons that he wished to file an appeal sometime soon after the Sentencing Hearing and before he self-surrendered.

The court finds that this is a close case. However, after reviewing the memoranda of the parties on this issue and transcripts from the evidentiary hearings, the court finds Gibbons' recollection of events somewhat more credible than Petitioner's. The court's finding is partly based on the fact that Petitioner's memory is not entirely accurate in some other respects. For example, Petitioner's statement that the Plea Agreement he signed did not make any mention of a gun is contradicted by the fact that his signed Plea Agreement repeatedly mentions that a firearm was brandished during the crimes. (Plea Agreement at 4, 6, 9, 10, 13, 15, 18.) In addition, as discussed in the court's previous Order of May 23, 2007, neither the Change of Plea Hearing transcript nor the Sentencing Hearing transcript supports Petitioner's assertion that he informed the court of his desire to appeal his sentence. (Order, 1:05-CR-245, ECF No. 221, at 8.) In light of all the evidence, the court finds that Petitioner has not met his burden to prove by a preponderance of the evidence that he spoke to counsel regarding his wish to file an appeal.

### B. Whether Counsel's Failure to Consult with Petitioner Constitutes Deficient Performance

The court's next inquiry is whether Gibbons' failure to consult with Brown regarding an appeal constitutes deficient performance. As discussed below, the court finds that because Gibbons did not have a constitutional duty to consult with Brown, his performance was not deficient.

-5-

As the court has repeatedly explained to Petitioner, the law of conspiracy holds him responsible for the actions of his co-conspirators.  Because one or more of his co-conspirators used a gun during the crimes, Petitioner is treated, for purposes of sentencing, as if he used the gun himself.  As this is the only ground on which Petitioner challenges his sentence, he has no meritorious grounds for appeal.  Consequently, pursuant to *Roe*, Gibbons had a constitutional duty to consult with Petitioner only if he knew that Petitioner "reasonably demonstrated to his counsel that he was interested in appealing."  *Id.*

The court finds that there is no evidence that Brown reasonably demonstrated to his counsel that he wanted to appeal, or that a rational defendant would have wanted to appeal.  It is evident that Brown has been, and is, dissatisfied that the term "gun" or "firearm" appears in his PSR and that the gun was used in calculating his offense level for purposes of sentencing.  Brown's comments to his counsel regarding the "gun" issue would not necessarily have given counsel notice that Brown wanted to appeal, especially in light of the fact that he received certain benefits by pleading guilty.  For example, the Plea Agreement drastically reduced Brown's sentence because it dropped a gun count that carried a much lengthier sentence.  In addition, Brown received a sentence nine months shorter than he anticipated (51 months as opposed to 60 months).  Finally, the Plea Agreement explicitly stated that Brown waived his right to appeal his sentence (except for prosecutorial misconduct and ineffective assistance of counsel claims).  Under these circumstances, it would arguably be illogical for Brown to wish to appeal the terms of his Plea Agreement or his sentence.  Furthermore, Brown has made repeated comments that he does not want to appeal the length of his sentence and does not want the Plea Agreement to be withdrawn, but that he only wants all references to a "gun" or "firearm" to be stricken.  The evidence in the record indicates that Brown's

-6-

counsel, the prosecutor, the judge who took Brown's plea, and this court at sentencing all explained to Brown why and how the gun was involved in the calculation of his offense level.  Brown nevertheless signed the Plea Agreement and proceeded through sentencing without objection. Therefore, the court finds that, while Brown may have indicated to Gibbons his displeasure with the gun references, he has not proven by a preponderance of the evidence that he reasonably demonstrated to Gibbons that he wished to appeal, or that a rational defendant would have wanted to appeal.

In reaching this decision, the court is by no means indicating that Brown has sought to mislead the court or that he has been dishonest in the statements he has made.  He has simply not met his burden of proof.

### IV. CONCLUSION

For the above-stated reasons, the court finds that Petitioner's claim of ineffective assistance of counsel for failure to file an appeal is not well-taken.  Together with the court's rulings in its prior Order of May 23, 2007 (*see* Order, 1:05-CR-245, ECF No. 221), the court hereby denies Petitioner's § 2255 Motion.  (ECF No. 1.)  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE


September 5, 2007

-7-